WILLIAM G. MALCOLM, #129271
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California 92612
Phone: (949) 252-9400
Facsimile: (949) 252-1032

Attorneys for Movant

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, MODESTO DIVISION

| | |
|---|---|
| In re<br>JEFFREY R. SMITH,<br>               Debtor.<br><br>BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, and its successors and/or assignees,<br>               Movant,<br>vs.<br>JEFFREY R. SMITH, Debtor, and Gary Farrar, Trustee,<br>               Respondents. | Bankruptcy Case No. 09-94157<br><br>Docket Control No. WGM-1<br><br>Chapter 7<br><br><br>HEARING DATE:<br>DATE: January 27, 2010<br>TIME: 10:30 a.m.<br>CTRM: D |

**BAC HOME LOANS SERVICING'S MOTION FOR RELIEF FROM AUTOMATIC STAY ON REAL PROPERTY (5104 SAINT CLARE CIRCLE SALIDA, CA 95368); MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE**

TO THE HONORABLE ROBERT S. BARDWIL, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:

       BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, and its successors and/or assignees ("BAC HOME LOANS SERVICING"),

hereby moves this Court for an order terminating the automatic stay of 11 U.S.C. §362 as to Movant in the above-entitled and numbered case so that Movant may commence and continue acts necessary to enforce its security interest in real property commonly known as 5104 Saint Clare Circle Salida, CA 95368.

BAC HOME LOANS SERVICING requests relief from stay in the above numbered Chapter 7 case because there is no equity in the Property to benefit the Debtor or the estate and Movant's interest is not protected by an adequate equity cushion.

This Motion is based upon the attached Declaration and the Memorandum of Points and Authorities attached hereto, as well as upon the documents filed in support of the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTORY STATEMENT

BAC HOME LOANS SERVICING requests the Court to grant it relief from the automatic stay because there is no equity in the Property to benefit the Debtor or the estate and Movant's interest is not protected by an adequate equity cushion.

### II.

### STATEMENT OF FACTS

1. **The Secured Debt.** On or about May 31, 2005, JEFFREY R. SMITH and Jean Ann Smith made and delivered a Promissory Note in the original principal amount of $359,600.00, secured by a First Priority Deed of Trust on the Property commonly known as 5104 Saint Clare Circle Salida, CA 95368 ("Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "1" and "2," respectively.

2. **The Default Under The Note.** The Note and Deed of Trust are contractually due for the December 1, 2008 payment. As a result of the default, a Notice of Default and Election To Sell was recorded against the Property on March 26, 2009. The Notice of Sale was published on July 24, 2009. The total delinquency under the Note is set forth in detail on Exhibit "3" to the Motion.

3. **The Debtor's Interest In The Property.** The Debtor is one of the owners

of record of the Property.

4. **The Filing Of The Instant Petition.** On or about December 18, 2009, JEFFREY R. SMITH filed the instant Chapter 7 Petition as Case No. 09-94157.

5. **The Total Indebtedness Under The Note.** The total indebtedness owed to BAC HOME LOANS SERVICING, exclusive of attorneys' fees, is as follows:

| | |
|---|---|
| Principal Balance: | $ 342,515.31 |
| Interest Accrued from November 1, 2008 to December 24, 2009 | $ 24,110.20 |
| Escrow Advance: | $ 10,223.90 |
| Total Fees: | $ 691.78 |
| **TOTAL:** | **$ 377,541.19** |

6. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| SECURED CREDITOR | LIEN AMOUNT |
|---|---|
| 1. BAC HOME LOANS SERVICING (1st trust deed) | $ 377,541.19 |
| 2. Bank of America (2nd trust deed) | $ 97,633.00 |
| TOTAL | **$ 475,174.19** |

7. **The Value Of The Property.** By the Debtor's own admission, the Property has a fair market value of only $200,000.00. Accordingly, there is no equity in the Property to benefit the Debtor or the estate. True and correct copies of the Debtor's Schedules A and D are attached hereto as Exhibit "4."

III.

RELIEF FROM STAY SHOULD BE GRANTED UNDER
SECTION 362(d)(2) BECAUSE THERE IS NO
EQUITY IN THE PROPERTY, NOR REORGANIZATION IN EFFECT

The evidence demonstrates that there is no equity in the Property. By the Debtor's own admission, the Property has a fair market value of $200,000.00 while the total indebtedness on the Property is $475,174.19. Based on the foregoing and the liquidation nature of this Chapter 7

proceeding, the stay should be terminated immediately. BAC HOME LOANS SERVICING has satisfied its burden under Section 362(d)(2).

## IV.
## RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(1) DUE TO THE LACK OF ADEQUATE PROTECTION FOR MOVANT.

The evidence demonstrates that BAC HOME LOANS SERVICING is not protected by an adequate protection cushion. By the Debtor's own admission, the Property has a fair market value of $200,000.00 while the total amount owed to BAC HOME LOANS SERVICING is $377,541.19. Based on the foregoing, the stay should be terminated immediately. BAC HOME LOANS SERVICING has satisfied its burden under Section 362(d)(1).

## V.
## REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, BAC HOME LOANS SERVICING requests that the Court take judicial notice of the following facts:

    1.    The Debtor contends that the Property has a fair market value of $200,000.00. See Exhibit "4."

    2.    In addition to BAC HOME LOANS SERVICING's lien, the Property is encumbered by a second deed of trust in the amount of $97,633.00. See Exhibit "4."

## VI.
## CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow BAC HOME LOANS SERVICING to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

///

///

1 | DATED: January 8, 2010     Respectfully Submitted,

2 |                                      MALCOLM ♦ CISNEROS, A Law Corporation

4 |                                      By: /s/ William G. Malcolm
                                          WILLIAM G. MALCOLM
5 |                                         Attorneys for Movant