FILED
February 18, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002427910

MACEY & ALEMAN,
DBA: LEGAL HELPERS, P.C.
Richard Suh SBN 188653
Oliver Greene SBN 261222
428 J Street, Suite 280
Sacramento, California 95814
Telephone: 916-444-5110
Facsimile: 916-444-8518
olg@legalhelpers.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In re:

JEFFREY R. SMITH,

   Debtor

) Case No.: 09-94157
)
) MCN: OAG-1
)
) **MOTION TO COMPEL ABANDONMENT OF**
) **REAL PROPERTY**
)

DATE: March 31, 2010
TIME: 10:30 a.m.
Judge: Hon. Ronand H. Sargis
Location: United States Federal Courthouse
1200 I Street, Suite #4
Modesto, CA 95354

  JEFFREY R. SMITH, the debtor herein, hereby moves this court for an order Compelling the Trustee to Abandon the estate's interest in certain real property. This motion is based on the following facts:

1. This case was filed with the Court on December 18, 2009, and Gary Farrar was duly appointed as Trustee.

2. The filed schedules on this case disclose Debtor's interest in the real property at 5104 St. Clare Circle, Salida, CA ("REAL PROPERTY").

1

3. The schedules further assert that the total of the creditor's liens and the debtor's exemption claims exceed the value of this property.
   a. The estimated value of the REAL PROPERTY listed on Schedule A is $200,000.00.
   b. The secured debt on the REAL PROPERTY listed on Schedule D is $440,148.00.
   c. The net value of this property to the estate is $0.
4. The Trustee conducted the 341 Meeting of Creditors on January 26, 2010.
5. The Trustee filed his Report of No Distribution with the Court on January 26, 2010.
6. The Trustee has not challenged the Debtor's assertion of values or debts, nor has he indicated that the REAL PROPERTY is the target of any liquidation efforts.
7. Since there is no equity in the REAL PROPERTY, the Trustee is not expected to file any objection to exemptions.
8. Pursuant to 11 US Codes §554(b), "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."
9. The debtor intends to sell the REAL PROPERTY in a short sale.

The Debtor therefore asserts that the REAL PROPERTY is burdensome and of inconsequential value to the estate, and

respectfully moves this Court to Order the Abandonment of the estate's interest in the REAL PROPERTY described above.

Dated: February 18, 2010                MACEY & ALEMAN


                                        BY: /s/Oliver Greene
                                            Oliver Greene, Attorney